# UNITED STATES DISTRICT COURT

# FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID TODD,<br><br>    Plaintiff,<br><br>v.<br><br>C R BARD INCORPORATED, et al.,<br><br>    Defendants. | Case No. 1:19-cv-01226-DAD-BAM<br><br>**ORDER REGARDING PLAINTIFF'S REQUEST TO REOPEN GENERAL DISCOVERY**<br><br>(Doc. Nos. 30, 32) |

This case was transferred to this Court on September 6, 2019, from a multidistrict litigation proceeding ("MDL") before Senior District Judge David G. Campbell in the United States District Court for the District of Arizona involving personal injury cases brought as a result of certain inferior vena cava ("IVC") filters manufactured by Defendants C R Bard Incorporated and Bard Peripheral Vascular Incorporated ("Defendants"). (Doc. Nos. 3, 5.)

Currently before the Court is Plaintiff David Todd's request to reopen general discovery regarding the Denali filter, the IVC filter which is alleged to have caused his injuries. (Doc. Nos. 26, 30.) On October 30, 2019, the parties submitted a Joint Scheduling Report stating that they "agreed that corporate electronic discovery was conducted as part of [the] MDL" but "disagree[d] on whether all general expert, corporate, and third-party discovery has been completed[.]" (Doc. No. 26 at 12.) The Court held a conference on November 6, 2011, and the parties agreed to submit further briefing on the matter. (Doc. No. 29.) Plaintiff submitted his brief on November 15, 2019, and Defendants submitted a responsive brief on November 22, 2019. (Doc. Nos. 30, 32.) The Court found the matter suitable for decision without the need for oral argument and the matter was taken under submission and decided on the papers. (Doc. No. 29.)

The Suggestion of Remand and Transfer Order explains that the plaintiffs "conducted

1

substantial common discovery against Bard concerning all aspects of Bard IVC filters, including the design, testing, manufacturing, marketing, labeling, and post-market surveillance of these devices" prior to the establishment of the MDL and "[t]he pre-MDL general fact discovery was made available . . . to all Plaintiffs in the MDL." (Doc. No. 3 at 9.) The MDL was then "formed to centralize all pretrial proceedings and complete all common fact and expert discovery concerning Bard IVC filters" and this purpose was fulfilled through the conduct of additional general discovery in multiple phases. (Doc. No. 3 at 9-10.) According to the Suggestion of Remand and Transfer Order, at the time of transfer to this Court, all general, common fact and expert discovery had been completed in the MDL and therefore "the courts receiving these cases need not be concerned with facilitating general expert, corporate, and third-party discovery." (Doc. No. 3 at 2-3, 11, 32-32.) However, Judge Campbell noted that "[t]his observation is not meant to restrict the power of transferor courts for good cause or in the interest of justice to address issues that may be unique and relevant in remanded or transferred cases." (*Id.* at 33.)

Plaintiff seeks to obtain discovery regarding "additional scientific evidence [that] has developed regarding the lack of efficacy of IVC filters" as well as "additional internal evidence [that] may have developed following the close of fact discovery in the MDL." (Doc. No. 30 at 2.) Plaintiff points to an ongoing clinical trial involving the Denali filter that is estimated to be completed on March 31, 2021. (*Id.*) Plaintiff additionally seeks to conduct a Federal Rule of Civil Procedure 30(b)(6) deposition regarding any testing, revisions, "improvements", or other modifications of the Denali filter as well as additional discovery regarding subsequent complaints Defendant received regarding the Denali filter. (Doc. No. 30 at 2-3.) According to Plaintiff, this discovery is "unique and relevant" to this case and therefore permissible under the Suggestion of Remand and Transfer Order. (*See* Doc. No. 30.)

However, the discovery Plaintiff seeks is general, common fact and expert discovery that was completed in the MDL pursuant to the Suggestion of Remand and Transfer Order. "Plaintiff's request would seem to undermine the very purpose of MDL proceedings, which is to coordinate and complete shared pretrial matters such as generic discovery." *Harris v. Wyeth, Inc.*, No. 04 CIV. 7615 NRB, 2012 WL 2317338, at *1 (S.D.N.Y. June 15, 2012) (citing 17

Moore's Federal Practice § 112.07 (3d ed. 2012) ("The transferee court [in an MDL] has the power to manage discovery. The key purpose of the multidistrict litigation statute is to provide the transferee judge with the discretion to develop an effective and efficient pretrial program.")). The Multi District Litigation Act is intended to "promote the just and efficient conduct of [] actions" through "coordinated or consolidated pretrial proceedings." *See* 28 U.S.C § 1407.

As Defendants note, "the issues of, and differing opinions on, filter safety and efficacy were addressed during generic discovery in the MDL through document productions, depositions of numerous fact witness[es], and reports on depositions of numerous expert witnesses." (Doc. No. 32 at 3.) Moreover, "[t]hese issues were extensively discovered in the MDL" as part of the general discovery that was deemed complete by the MDL court. (Doc. No. 3 at 9-11, Doc. No. 32 at 4-5.)

Plaintiff argues that the discovery he seeks is discovery which was not available when the MDL discovery closed. The discovery described in Plaintiff's briefing, however, is common discovery that is not unique to the facts of this case, as the proposed discovery deals with filter safety and efficacy which were addressed fully during generic discovery. Plaintiff argument that the proposed discovery is relevant is conclusory, as Plaintiff has not explained how this information has any tendency to make a fact that is of consequence in determining this case any more or less probable. *See* Fed. R. Evid. 401. Moreover, even if Plaintiff had demonstrated that the discovery he seeks is unique and relevant to his case, the Suggestion of Remand and Transfer Order requires a showing that good cause or the interests of justice favor addressing these issues. (*See* Doc. No. 3 at 33.) General discovery has concluded and Plaintiff has not adequately established that it should be reopened.

Accordingly, IT IS HEREBY ORDERED that Plaintiff's request to reopen general discovery regarding the Denali filter is DENIED.
IT IS SO ORDERED.

Dated: **December 9, 2019**  /s/ *Barbara A. McAuliffe*
UNITED STATES MAGISTRATE JUDGE